**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────────

**No. 21-7124**

─────────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

KIERON MATTHEW WILLIAMS,

        Defendant - Appellant.

─────────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:14-cr-00596-GLR-1)

─────────────────

Submitted:  June 30, 2022                  Decided:  August 18, 2022

─────────────────

Before GREGORY, Chief Judge, and AGEE and DIAZ, Circuit Judges.

─────────────────

Vacated and remanded by unpublished per curiam opinion.  Judge Agee dissents.

─────────────────

Kieron Matthew Williams, Appellant Pro Se.

─────────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kieron Matthew Williams appeals from the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. On appeal, he asserts that the district court erred by failing to consider his medical conditions in the context of the COVID-19 pandemic and by failing to properly analyze the applicable sentencing factors. We vacate and remand for further proceedings.

A district court may reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Where, as here, the defendant—rather than the Bureau of Prisons (BOP)—files a compassionate release motion, the court is "empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise" in deciding whether to grant the motion. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (cleaned up). "[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons," it must then "consider the [18 U.S.C.] § 3553(a) sentencing factors to the extent that they are applicable in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (cleaned up). We review a district court's denial of a compassionate release motion for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021).

Here, the district court provided the following explanation for denying Williams' motion for compassionate release:

2

> The nature and circumstances of the offense are quite serious.  Further, the defendant has a lengthy criminal history, including several robbery convictions.  These factors manifest a need to protect the public.
>
> The [BOP] is presently mitigating the risk of the spread of COVID-19.  Finally, due to the defendant's age and BOP's management of defendant's medical conditions, the [c]ourt is satisfied that the conditions of confinement do not mandate the relief sought by the defendant.

Although there is no "categorical . . . requirement" that a district court explicitly address each of the defendant's arguments in support of his compassionate release motion, *High*, 997 F.3d at 187, a court's explanation must "allow for meaningful appellate review" in light of the particular circumstances of the case, *id.* at 188 (internal quotation marks omitted); *see Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) (explaining that "[j]ust how much of an explanation [is] require[d] . . . depends . . . upon the circumstances of the particular case").  When a case is "relative[ly] simpl[e]," this requirement is satisfied if the order denying relief shows that "the district court was aware of the arguments, considered the relevant sentencing factors, and had an intuitive reason" for denying the motion.  *High*, 997 F.3d at 191 (cleaned up); *see Concepcion v. United States*, 142 S. Ct. 2389, 2404-05 (2022).  However, when a defendant "present[s] a 'significant amount of post-sentencing mitigation evidence,' . . . 'a more robust and detailed explanation' [is] required."  *Id.* at 190 (alterations omitted and quoting *United States v. Martin*, 916 F.3d 389, 396 (4th Cir. 2019)).

Here, we cannot discern whether the district court adequately considered Williams' arguments related to the dangers he faced as a result of his medical conditions in the context of the COVID-19 pandemic.  We similarly cannot discern whether the district court

3

considered the evidence of Williams' rehabilitation over his six years of incarceration. Although it is "significant" that the judge who denied Williams' compassionate release motion was the same judge who originally sentenced him, *see High*, 997 F.3d at 189, we nevertheless conclude that the evidence Williams submitted of his rehabilitation—which included a clean disciplinary record, drug abuse treatment, a variety of prison courses, and a correspondence course for becoming a certified legal assistant or paralegal upon his release—was sufficient to warrant a more robust explanation from the court. *See Martin*, 916 F.3d at 396-97 (finding that recitation of original criminal behavior is insufficient when no weight is given to "the multitude of redemptive measures" taken by prisoner).

Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion. We deny as moot Williams' request for summary disposition of his appeal, and we express no opinion on the merits of Williams' motion for compassionate release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*